Green, J.
delivered the opinion of the court.
This is an action of debt, brought by P. Smith & Co. against Kirkpatrick, on a note for two thousand two *189 hundred and twenty-six dollars and twenty-two cents, dated January 1, 1840.
The defendant read in evidence a receipt, of which the following is a copy: “Received of Thomas Kirkpatrick, one receipt on Geo. S. and Jacob S. Yerger, for one thousand two hundred and three dollars and seventy-five cents, the receipt being for a note drawn by Yerger and Flack, endorsed by Steele, Jenkins & Co. and Yenable and Moltinby, made payable at the Commercial Bank at Vicksburg, due the first day of January, 1839, to be applied to the credit of a note given this day, by Thomas Kirkpatrick, for twenty-two hundred and twenty-six dollars and twenty-two cents, dated 1st January, 1840. This the 13th Nov., 1840.
“Pleasant Smith & Co.”
The plaintiffs proved by Thos. W. Evans, that he settled the account of Pleasant Smith & Co., with Kirkpatrick in March, 1840, and at that time took the note sued on, dating it the first of January, 1840, because the account was then due. On the same day that he took the note, Kirkpatrick handed him a receipt on the Yergers of Mississippi, requesting him to collect the money from the Yergers, and place it to the note when collected. Witness took the receipt, and executed to Kirkpatrick, the receipt of Pleasant Smith & Co. for it, with the express understanding that Kirkpatrick was not to have a credit for the amount, unless Pleasant Smith & Co. collected it from the Yergers.
The money, except a small amount, was never collected by Pleasant Smith & Co.
On the trial, the defendant, Kirkpatrick, insisted that he should have the whole amount of said receipt credited on his note, as so much paid at the time of the execu *190 tion of the note. The court left it to the jury to say, upon the proof, whether, by the contract of the parties, the receipt was taken as a payment. The jury found for the plaintiffs the full amount of the note. The court refused a new trial, and the defendant appealed to this court.
The counsel for the plaintiff in error now insists, that the receipt contains a contract that cannot be explained by parol evidence; and that by its terms, the plaintiffs agreed to apply the said receipt as a credit to the note; and, therefore, he is entitled to have a credit for that sum whether the plaintiffs below, collected it or not.
We think the jury decided correctly, upon the proof. The receipt was executed the same day the note was given: and if the parties had intended it should be received as an absolute payment, it would seem, that they would have deducted this sum from the amount due the plaintiffs on the account, and have made the note for the balance only. That the plaintiffs’ agent took the note for the whole amount due, and executed the receipt of the plaintiffs for the Yergers’ receipt is persuasive evidence that it was to be applied as a credit when collected. Besides, the instrument executed by the plaintiffs’ agent, is a receipt for a receipt which the Yergers had given for a note placed in their hands for collection; and the words, “to be applied to the credit of a note given this day by Kirkpatrick,” can hardly be supposed, in reference to such an instrument, to mean that the note was to be credited absolutely by that amount.
But independent of these considerations, the witness proves, that it was the express agreement, that the note was only to be credited in the event the money should *191 be collected. We think this evidence competent and proper.
A receipt which is a mere acknowledgment of payment, or delivery, is only prima facie evidence of the fact, and may be contradicted, or explained by oral evidence. 1 Greenleaf Ev., sec. 305. The paper before ns is of this character. All the defendant contended for, is, that it is an acknowledgment of payment, and that being its character, it was properly explained by the witness.
Affirm the judgment.